**Gerald S. FRANKLIN, Plaintiff,**

v.

**PROFESSIONAL RISK MANAGEMENT SERVICES, INC., Legion Insurance Company, Inc., Defendants.**

**The Medical Professional Mutual Insurance Company, Intervenor.**

No. Civ.A. 95–12431–RCL.

United States District Court, D. Massachusetts.

Dec. 18, 1997.

---

Lee J. Dunn, Jr., Dunn & Auton, Boston, MA, Dana Feltch, Office of Lee J. Dunn, Boston, MA, for Gerald S. Franklin.

Steven L. Schreckinger, Harvey Nosowitz, Jane M. Guevremont, Palmer & Dodge, Boston, MS, for Medical Professional Mut. Ins.

Claudia A. Hunter, Hunter & Walsh, Boston, MA, for Professional Risk Management Services, Inc. and Legion Ins.

### MEMORANDUM AND ORDER ON PRO-MUTUAL'S MOTION TO STAY THIS ACTION UNTIL RESOLUTION OF A RELATED AND MORE COMPRE-HENSIVE DECLARATORY JUDG-MENT ACTION PENDING IN STATE COURT (# 32)

COLLINGS, United States Magistrate Judge.

In this action,[1] plaintiff, Gerald S. Franklin, seeks a declaration that the defendants,

Professional Risk Management Services, Inc. ("PRMS") and Legion Insurance Company, Inc. ("Legion"), must provide full coverage and indemnification to him for claims brought against him by one Laureen Koestner. Dr. Franklin is a psychiatrist, and the defendants provided malpractice insurance to him for the period May 1, 1991 to April 30, 1993. Ms. Koestner was a patient of plaintiff from July, 1991 to July, 1993. She has filed a tort action in state court alleging malpractice. Although not explicitly stated in her tort complaint, most if not all of her claims of malpractice are based on the fact that during the period when Dr. Franklin was treating her professionally, he engaged in sexual intercourse with her.[2] Dr. Franklin does not deny the intercourse.

Under the policy between the plaintiff and the defendants, the defendants have a duty to defend the suit, a duty which the defendants acknowledge. What is in issue is whether the defendants have a duty to indemnify the plaintiff under the contract of insurance. Specifically, the contract between the plaintiff and the defendants contains the following exclusion:

### C. EXCLUDED ACTIVITIES

The Program's policies do not provide either coverage, nor, with the exception of the undue familiarity exclusion (see number 11 below), a defense, for any of the following:

\* \* \*

11. Any claim or damages based in whole or in part on a claim of undue familiarity (see definition in section N). The APARRG, however, provides for the costs of a reasonable legal defense for undue familiarity claims subject to a maximum amount of $100,000 in the aggregate, for fees, expenses and disbursements.

---

1. The action was filed in the Hampshire Superior Court on August 18, 1995 and later removed to the federal court by the defendants on the grounds of diversity of citizenship.

2. The tort complaint (Exhibit D to # 40, ¶ 6.d.e.) alleges that Dr. Franklin "induced and encour-

aged [Ms.] Koestner to engage in harmful activities" and that Dr. Franklin "entered into dual relationships with [Ms.] Koestner." There is no doubt that the "harmful activities" refers to sexual intercourse and that the "dual relationship" was in part if not wholly a sexual one.

\* \* \*

### N. DEFINITIONS

*Undue familiarity* means any physical touching by a Participating Member of any person, or any other demonstrated intention or act for the purposes of sexual stimulation.

In the instant declaratory judgment action, plaintiff's claim is (1) that the exclusion is not applicable given the allegations of Ms. Koestner in the tort complaint, and (2) even if it was applicable, it is unenforceable as against public policy.

■ The intervenor, Medical Professional Medical Mutual Insurance Company ("ProMutual"), has moved that the Court stay the within action pending a decision in a later-filed declaratory judgment action currently pending in the state court.[3] ProMutual insured the plaintiff under a different policy of insurance from May 1, 1993 to May 1, 1994. The declaratory judgment in the state court was filed in Hampshire Superior Court on February 24, 1997 by Ms. Koestner against PRMS, Legion and ProMutual; Dr. Franklin is not a party to that action.

■ ProMutual makes several arguments in support of its contention that this federal declaratory judgment action should be stayed. The first is that any declaration which is issued in the instant case will not bind Ms. Koestner. While this may indeed be true, any declaration in the state court declaratory judgment action will not bind Dr. Franklin who is not a party to that action. A declaratory judgment action is the preferred manner of deciding a dispute between an insured and insurer over the construction and effect of the terms of the insurance contract. *Lumbermens Mutual Casualty Company v. Belleville, Industries, Inc.*, 407 Mass. 675, 686, 555 N.E.2d 568, 575 (1990). At the present time, the within action is the only forum in which Dr. Franklin can obtain an answer as to the construction and effect of his policy with PRMS and Legion; it is not appropriate to stay his action in favor of the resolution of a state court action in which he is not a party and in which the issues may in fact be far broader.

As indicated, *supra*, in this federal action, unlike the situation is the *Lumbermens* case, the duty to defend is not an issue. In the *Lumbermens* case, the problem was that a determination as to the duty to defend could not be made until there was "an unalterable determination as to the nature of the underlying claim." *Id.* That is not true in the instant case. Nor does the plaintiff in the instant case seek a declaration of what acts of malpractice are ". . . based in whole or in part on a claim of undue familiarity." A resolution of that question may very well depend on the ultimate findings in the tort case.[4] The issues in the instant case are far more limited.

Lastly, given the fact that in a separate opinion which I am releasing today I find that the exclusion in the PRMS/Legion policy is valid and enforceable as against Dr. Franklin, I do not see how ProMutual is prejudiced. While my decision does not purport to construe ProMutual's insurance contract with Dr. Franklin, it certainly provides some support for what undoubtedly will be ProMutual's argument in the state declaratory judgment action that the exclusionary language of its policy is valid and enforceable.

For all of these reasons, it is ORDERED that ProMutual's Motion to Stay This Action Pending Resolution of a Related and More Comprehensive Declaratory Judgment Action in State Court (# 32) be, and the same hereby is, DENIED.

---

3. On November 19, 1997, the Court allowed the Medical Professional Insurance Company's motion to intervene for the limited purpose of seeking the stay.

4. For example, Ms. Koestner alleges in her tort complaint that Dr. Franklin "failed to treat or improperly treated" her "significant psychological problems" and "improperly terminated" the "professional therapeutic relationship" which he had with her and "failed to assist her in the obtainment of other professional treatment in accordance with accepted therapeutic procedure and practice." (Exhibit D to # 30, ¶ 6.b.f.)